IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

DOMINGO MERCEDES ZORRILLA,

Defendant.

CRIMINAL NO.  07-446 (ADC)

## REPORT AND RECOMMENDATION

Defendant Domingo Mercedes Zorrilla was charged in Counts One and Four of a four counts Indictment and he agreed to plead guilty to Count One.  Count One charges: on or about October 20, 2007, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant herein, aiding and abetting each other, while onboard a vessel subject to the jurisdiction of the United States, at ten (10) nautical miles Southwest of the coast of Desecheo Island, Puerto Rico, did knowingly attempt to bring to the United States seven (7) illegal aliens, namely: G.R.R., A.M.S., J.G.D., C.V.T., W.H.C., E.C.T., and J.A.M., knowing that all of this person were aliens, at a place other than as designated by the Secretary of Homeland Security; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(I) and Title 18, United States Code, Section 2.

On February 7, 2008, defendant appeared before this Magistrate Judge since the Rule 11 hearing was referred by the court.  Defendant was provided with the Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment, upon being advised of his right to have said proceedings before a district judge of this

United States of America v. Domingo Mercedes Zorrilla
Report and Recommendation
Criminal No. 07-446(ADC)
Page No. 2

court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in Count One he was examined and verified as being correct that: he had consulted with his counsel, Attorney Juan Nieves-Cassas, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically appraised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charges specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of

---

[1]  The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States of America v. Domingo Mercedes Zorrilla
Report and Recommendation
Criminal No. 07-446(ADC)
Page No. 3

witnesses and that subpoenas be issued to have them appear in court to testify.  Defendant was

specifically appraised of his right to take the stand and testify, if he so decided, or not to testify,

and no inference or decision as to his guilt could be made from the fact if he decides not to

testify.  Defendant was also explained his right not to incriminate himself; that upon such a waiver

of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea

of guilty, and he would be sentenced by the judge after considering the information contained

in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment

of each and every waiver and, with the assistance of his counsel, indicated he freely and

voluntarily waived those rights and understood the consequences.  During all this colloquy,

defendant was made aware that he could freely request from this Magistrate Judge any additional

clarification, repetition, or ask questions and that he may consult with his attorney at any given

time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the

offense as to which he was pleading guilty.  The penalty for the offense as to Count One is a term

of imprisonment of not more than ten (10) years, a fine not to exceed two hundred fifty thousand

dollars ($250,000.00), and a term of supervised release of not more than three (3) years, in

addition to the term of incarceration, and a mandatory penalty assessment of one hundred

dollars ($100.00), per count.

Having ascertained directly from defendant that he had not been induced in any way to

plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered

United States of America v. Domingo Mercedes Zorrilla
Report and Recommendation
Criminal No. 07-446(ADC)
Page No. 4

any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement" (pursuant to Rule 11(c)(1)(A) and (B) FRCP) (the Agreement) was shown to defendant, verifying his signature and initials on every page of the document.

Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was appraised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be.  Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate and agreement appear on paragraph seven (7) of the Agreement, regarding the possible applicable Sentencing Guidelines, were further elaborated and explained.  For Count One it was defendant's understanding that the Base Offense Level is of Twelve (12), pursuant to U.S.S.G. § 2L1.1(a).  Pursuant to U.S.S.G. § 2L1.1(b)(2), the base offense level shall be increased by three (3) levels for the smuggling of 6-24 aliens.  Pursuant to U.S.S.G. § 3E1.1(a), the base offense level shall be reduced by two (2) levels because defendant does in fact accept responsibility for the commission of the offense.  Accordingly, the Total Base Offense Level would be Thirteen (13).  Assuming a Criminal History Category of I, the sentencing range is of twelve (12) months to eighteen (18) months of imprisonment.

Defendant is an alien to the United States.  Defendant acknowledges that pleading guilty and entering into this plea may have a negative effect upon defendant's immigration status with the United States.

United States of America v. Domingo Mercedes Zorrilla
Report and Recommendation
Criminal No. 07-446(ADC)
Page No. 5

The parties will  recommend that the defendant be sentenced to twelve (12) months of imprisonment and one (1) day.

The United States and the defendant agree that no further adjustments or departures to the defendant's base offense level shall be sought by the parties.

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

As indicated in paragraph eighteen (18) of the Agreement, since defendant will plead guilty to Count One of the Indictment, the United states will request the dismissal of the remaining count of the Indictment pending against the defendant, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

Defendant was specifically informed that the above sentencing calculations were not binding for the sentencing court, but were only estimates of possible terms of his sentence, which could always be imposed, at the sole discretion of the court, up to the maximum penalties allowed by statute, and dependent upon the information and verification thereof of the pre-sentence report that the court would have before it at the time of imposition of the sentence.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt.  Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the them. Defendant was able to understand the explanation and agreed with the government's submission.

<u>United States of America v. Domingo Mercedes Zorrilla</u>
Report and Recommendation
Criminal No. 07-446(ADC)
Page No. 6

Defendant was also read and shown a written document entitled "Stipulated Version of the Facts", which had been signed by defendant and his counsel and is attached to the Plea Agreement, wherein the signature of counsel for the government also appears.

Defendant was explained that the plea agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the applicable Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole.  Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.  Depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.[2]

The Indictment was read to defendant in open court and he stated he understood the charges and acknowledge he was pleading guilty to Count One of the Indictment.  Thereafter,

---

[2] The right to appeal is subject to certain limitations allowed by law since the Agreement also includes paragraph seventeen (17) for a waiver of appeal.

United States of America v. Domingo Mercedes Zorrilla
Report and Recommendation
Criminal No. 07-446(ADC)
Page No. 7

defendant expressed in no uncertain terms that he agreed with the government's evidence as to

his participation in the offense.  Thereupon, defendant indicated he was pleading guilty to Count

One of the Indictment in Criminal No. 07-446 (ADC).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that

he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading

guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such

a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in

Criminal No. 07-446 (ADC).

**IT IS SO RECOMMENDED.**

The sentencing hearing will be scheduled promptly, before Honorable Aida M. Delgado-

Colón, District Judge.

San Juan, Puerto Rico, this 7th day of February of 2008.

**S/CAMILLE L. VELEZ-RIVE**
**CAMILLE L. VELEZ-RIVE**
**UNITED STATES MAGISTRATE JUDGE**